IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TINSLEY CHRISTOPHER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-00008 (WLS-ALS) |
| : | |
| WARDEN ODOM, : | |
| : | |
| Defendant. : | |
| : | |

**Order Denying Motion for Reconsideration**

Plaintiff Christopher Tinsley moves to reconsider the Court's Order (Doc. 6) adopting U.S. Magistrate Judge Alfreda Sheppard's Recommendation (Doc. 5) of dismissal. (Doc. 8.) After review, the Motion (Doc. 8) is denied.

Judge Sheppard entered the Recommendation on May 15, 2025. The Clerk mailed it to Tinsley the same day. He had 14 days to object, but he didn't. So the Court reviewed the Recommendation for plain error. (Doc. 6 at 1.) Finding none, the Court accepted the Recommendation and the Clerk entered Judgment (Doc. 7) dismissing the case on June 4. The Clerk mailed the Order adopting the Recommendation and the Judgment to Tinsley the next day.

Tinsley claims that he didn't receive "the Court Order Recommendation Judgment sent to me" on June 6 until June 18. (Doc. 8-1 at 1.) In support, he attaches a letter from the Clerk postmarked June 6. (Doc. 8-2 at 1.) He blames his failure to object on this delay. (Doc. 8-1 at 1.)

The Court is unpersuaded that this justifies reopening the case. The time for Tinsley to object ran from when Judge Sheppard issued the Recommendation. *See* 28 U.S.C. § 636(b)(1). That is, May 15. (Doc. 5.) Tinsley's arguments relate to the Order adopting the Recommendation entered on June 4.[1] But that Order was final, he has no right to object to it.

---

[1] It seems there was a two-day delay between the Clerk mailing the Recommendation and its postmark date. (*See* Doc. 8-2.)

1

And he provides no arguments or evidence related to the Recommendation (mailed on May 15) that might justify his failure to object for nearly three months. (*See* Doc. 8 at 1–2; Doc. 8-1 at 1–2.) Specifically, he cannot reasonably be construed as averring that the Recommendation itself was delayed. Hence the statutory period has elapsed, and Tinsley provides no justification for that delay. Hence the Motion for Reconsideration (Doc. 8) is **DENIED**.

**SO ORDERED**, this 14th day of August 2025.

　　　　　　　　　　　　　　　　**/s/ W. Louis Sands**
　　　　　　　　　　　　　　　　**W. LOUIS SANDS, SR. JUDGE**
　　　　　　　　　　　　　　　　**UNITED STATESDISTRICT COURT**